UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

JOHN P. FOGLE,

      Plaintiff,

  v.                               Civil Action No. 2:18-cv-244
                                    Chief Judge Edmund A. Sargus, Jr.
COMMISSIONER OF SOCIAL        Magistrate Judge Chelsey M. Vascura
SECURITY,

      Defendant.

## REPORT AND RECOMMENDATION

Plaintiff, John P. Fogle ("Plaintiff"), brings this action under 42 U.S.C. §§ 405(g) and 1383(c)(3) for review of a final decision of the Commissioner of Social Security ("Commissioner") denying his applications for social security disability insurance benefits and supplemental security income. This matter is before the United States Magistrate Judge for a Report and Recommendation on Plaintiff's Statement of Errors (ECF No. 8), the Commissioner's Memorandum in Opposition (ECF No. 13), Plaintiff's Reply (ECF No. 14), and the administrative record (ECF No. 7.) For the reasons that follow, the undersigned **RECOMMENDS** that the Court **REVERSE** the Commissioner of Social Security's non-disability finding and **REMAND** this case to the Commissioner and the ALJ under Sentence Four of § 405(g) for further consideration consistent with this Report and Recommendation.

### I.    PROCEDURAL BACKGROUND

Plaintiff filed his application for a period of disability and disability insurance benefits and his application for supplemental security income on August 1, 2014, alleging that he had

been disabled since April 18, 2014. (R. 271–81.) On May 30, 2017, following initial administrative denials of Plaintiff's application, a video hearing was held before Administrative Law Judge Peter Beekman (the "ALJ"). (*Id.* at 103–28.) Plaintiff, represented by counsel, appeared and testified. Vocational expert Brett Salkin (the "VE") also appeared and testified at the hearing. On July 26, 2017, the ALJ issued a decision finding that Plaintiff was not disabled within the meaning of the Social Security Act. (*Id.* at 13–34.) On January 26, 2018, the Appeals Council denied Plaintiff's request for review and adopted the ALJ's decision as the Commissioner's final decision. Plaintiff then timely commenced the instant action.

## II. THE ALJ'S DECISION

On July 26, 2017, the ALJ issued a decision finding that Plaintiff was not disabled within the meaning of the Social Security Act. (R. 13–34.) At step one of the sequential evaluation process,[1] the ALJ found that Plaintiff had not engaged in substantially gainful activity since April 18, 2014, the alleged onset date. (*Id.* at 15.) The ALJ found that Plaintiff has the severe impairments of insulin dependent diabetes mellitus; status post total hip replacement secondary

---

[1] Social Security Regulations require ALJs to resolve a disability claim through a five-step sequential evaluation of the evidence. *See* 20 C.F.R. § 404.1520(a)(4). Although a dispositive finding at any step terminates the ALJ's review, *see Colvin v. Barnhart*, 475 F.3d 727, 730 (6th Cir. 2007), if fully considered, the sequential review considers and answers five questions:

1. Is the claimant engaged in substantial gainful activity?
2. Does the claimant suffer from one or more severe impairments?
3. Do the claimant's severe impairments, alone or in combination, meet or equal the criteria of an impairment set forth in the Commissioner's Listing of Impairments, 20 C.F.R. Subpart P, Appendix 1?
4. Considering the claimant's residual functional capacity, can the claimant perform his or her past relevant work?
5. Considering the claimant's age, education, past work experience, and residual functional capacity, can the claimant perform other work available in the national economy?

*See* 20 C.F.R. § 404.1520(a)(4); *see also Henley v. Astrue*, 573 F.3d 263, 264 (6th Cir. 2009); *Foster v. Halter*, 279 F.3d 348, 354 (6th Cir. 2001).

to avascular necrosis; low back pain/disorder of the back; discogenic and degenerative disease; and an affective disorder. (*Id.* at 16.) He further found that Plaintiff did not have an impairment or combination of impairments that met or medically equaled one of the listed impairments described in 20 C.F.R. Part 404, Subpart P, Appendix 1. (*Id.* at 17.) At step four of the sequential process, the ALJ set forth Plaintiff's RFC as follows:

> After careful consideration of the entire record, [the ALJ] find[s] that the claimant has the residual functional capacity to perform light work as defined in 20 CFR 404.1567(b) and 416.967(b), except the claimant can lift/carry 20 pounds occasionally and 10 pounds frequently, stand/walk 6 [hours] out of 8, and sit 4 [hours] out of 8. The claimant requires a sit/stand option for one hour at a time. He can constantly push/pull, but only occasionally foot pedal. He can occasionally use a ramp or stairs, but never a ladder, rope, or a scaffold. The claimant can occasionally balance, stoop, kneel, crouch, and crawl. There are no manipulative limitations, visual limitations, or communication deficits. He should avoid entirely dangerous machinery and unprotected heights. The claimant can do simple, routine tasks, and, in addition, can do more complex tasks that take 1 to 3 months to learn.

(*Id.* at 20.)

In assessing Plaintiff's RFC, the ALJ considered the opinion evidence in the record, including the opinion of Patrick Goggin, M.D., Plaintiff's treating physician. (*Id.* at 30.) Dr. Goggin opined that Plaintiff was significantly limited in, *inter alia*, his ability to walk, sit, or stand for any length of time. (*Id.* at 30, 1123.) The ALJ afforded Dr. Goggin's opinion "no weight" because the ALJ found it to be inconsistent both with Dr. Goggin's own treatment notes and with the remaining medical evidence of record. (*Id.* at 30.)

At step five of the sequential process, the ALJ, relying on the VE's testimony, found that considering Plaintiff's age, education, past work experience, and RFC, he can perform jobs that exist in significant numbers in the national economy. (*Id.* at 32.) The ALJ therefore concluded that Plaintiff was not disabled under the Social Security Act. (*Id.* at 33.)

In his Statement of Errors (ECF No. 8), Plaintiff raises three contentions of error: (1) the RFC is not supported by substantial evidence; (2) the ALJ failed to properly evaluate the

3

opinions of Plaintiff's treating physician (Dr. Goggin) and treating psychiatrist (Dr. Scrimenti); and (3) the ALJ failed to consider Plaintiff's complex regional pain syndrome as a medically determinable impairment.

### III. STANDARD OF REVIEW

When reviewing a case under the Social Security Act, the Court "must affirm the Commissioner's decision if it 'is supported by substantial evidence and was made pursuant to proper legal standards.'" *Rabbers v. Comm'r of Soc. Sec.*, 582 F.3d 647, 651 (6th Cir. 2009) (quoting *Rogers v. Comm'r of Soc. Sec.*, 486 F.3d 234, 241 (6th Cir. 2007)); *see also* 42 U.S.C. § 405(g) ("[t]he findings of the Commissioner of Social Security as to any fact, if supported by substantial evidence, shall be conclusive . . . ."). Under this standard, "substantial evidence is defined as 'more than a scintilla of evidence but less than a preponderance; it is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.'" *Rogers*, 486 F.3d at 241 (quoting *Cutlip v. Sec'y of Health & Hum. Servs.*, 25 F.3d 284, 286 (6th Cir. 1994)).

Although the substantial evidence standard is deferential, it is not trivial. The Court must "'take into account whatever in the record fairly detracts from [the] weight'" of the Commissioner's decision. *TNS, Inc. v. NLRB*, 296 F.3d 384, 395 (6th Cir. 2002) (quoting *Universal Camera Corp. v. NLRB*, 340 U.S. 474, 487 (1951)).

Nevertheless, "if substantial evidence supports the ALJ's decision, this Court defers to that finding 'even if there is substantial evidence in the record that would have supported an opposite conclusion.'" *Blakley v. Comm'r of Soc. Sec.*, 581 F.3d 399, 406 (quoting *Key v. Callahan*, 109 F.3d 270, 273 (6th Cir. 1997)). Finally, even if the ALJ's decision meets the substantial evidence standard, "a decision of the Commissioner will not be upheld where the SSA fails to follow its own regulations and where that error prejudices a claimant on the merits

4

or deprives the claimant of a substantial right." *Bowen v. Comm'r of Soc. Sec.*, 478 F.3d 742, 746 (6th Cir. 2007).

## IV. ANALYSIS

Plaintiff raises three issues in his Statement of Errors (ECF No. 8.) The undersigned finds that remand is required as to Plaintiff's second contention of error because the ALJ failed to give good reasons for assigning no weight to the opinion of Plaintiff's treating physician, Dr. Goggin.

The ALJ must consider all medical opinions that he or she receives in evaluating a claimant's case. 20 C.F.R. § 416.927(c). Where a treating source's opinion is submitted, the ALJ generally gives deference to it "since these sources are likely to be the medical professionals most able to provide a detailed, longitudinal picture of [a patient's] medical impairment(s) and may bring a unique perspective to the medical evidence that cannot be obtained from the objective medical filings alone . . . ." 20 C.F.R. § 416.927(c)(2); *Blakley v. Comm'r of Soc. Sec.*, 581 F.3d 399, 408 (6th Cir. 2009). If the treating physician's opinion is "well supported by medically acceptable clinical and laboratory diagnostic techniques and is not inconsistent with the other substantial evidence in [the claimant's] case record, [the ALJ] will give it controlling weight." 20 C.F.R. § 404.1527(c)(2).

If the ALJ does not afford controlling weight to a treating physician's opinion, the ALJ must meet certain procedural requirements. *Wilson v. Comm'r of Soc. Sec.*, 378 F.3d 541, 544 (6th Cir. 2004). Specifically, if an ALJ does not give a treating source's opinion controlling weight:

> [A]n ALJ must apply certain factors-namely, the length of the treatment relationship and the frequency of examination, the nature and extent of the treatment relationship, supportability of the opinion, consistency of the opinion with the record as a whole, and the specialization of the treating source-in determining what weight to give the opinion.

*Id*. Furthermore, an ALJ must "always give good reasons in [the ALJ's] notice of determination or decision for the weight [the ALJ] give[s] your treating source's opinion." 20 C.F.R. § 416.927(c)(2). Accordingly, the ALJ's reasoning "must be sufficiently specific to make clear to any subsequent reviewers the weight the adjudicator gave to the treating source's medical opinion and the reasons for that weight." *Friend v. Comm'r of Soc. Sec.*, 375 F. App'x 543, 550 (6th Cir. 2010) (internal quotation omitted). The United States Court of Appeals for the Sixth Circuit has stressed the importance of the good-reason requirement:

> "The requirement of reason-giving exists, in part, to let claimants understand the disposition of their cases," particularly in situations where a claimant knows that his physician has deemed him disabled and therefore "might be especially bewildered when told by an administrative bureaucracy that she is not, unless some reason for the agency's decision is supplied." *Snell v. Apfel*, 177 F.3d 128, 134 (2d Cir. 1999). The requirement also ensures that the ALJ applies the treating physician rule and permits meaningful review of the ALJ's application of the rule. *See Halloran v. Barnhart*, 362 F.3d 28, 32–33 (2d Cir. 2004).

*Wilson*, 378 F.3d at 544–45. Thus, the reason-giving requirement is "particularly important when the treating physician has diagnosed the claimant as disabled." *Germany-Johnson v. Comm'r of Soc. Sec.*, 313 Fed. App'x 771, 777 (6th Cir. 2008) (citing *Rogers*, 486 F.3d at 242).

There is no requirement, however, that the ALJ "expressly" consider each of the *Wilson* factors within the written decision. *See Tilley v. Comm'r of Soc. Sec.*, 394 F. App'x 216, 222 (6th Cir. 2010) (indicating that, under *Blakley* and the good reason rule, an ALJ is not required to explicitly address all of the six factors within 20 C.F.R. § 404.1527(c)(2) for weighing medical opinion evidence within the written decision).

Finally, the Commissioner reserves the power to decide certain issues, such as a claimant's residual functional capacity. 20 C.F.R. § 404.1527(d). Although the ALJ will consider opinions of treating physicians "on the nature and severity of your impairment(s),"

opinions on issues reserved to the Commissioner are generally not entitled to special significance. 20 C.F.R. § 404.1527(d); *Bass v. McMahon*, 499 F.3d 506, 511 (6th Cir. 2007).

Here, the ALJ noted the following limitations recommended by Dr. Goggin in his medical source statement:

> Treating source Patrick Goggin, M.D., opined on March 13, 2017 that the claimant can walk 0 city blocks, sit 5 minutes at one time, stand 5 minutes at one time, and sit, stand/walk for 0 hours total in an 8-hour workday (Exhibit 35F). Dr. Goggin noted the claimant needs a job that permits shifting positions at will from sitting, standing, and walking, and needs to walk for 10 minutes every 60 minutes (*Id.*). Dr. Goggin opined that the claimant requires 10 minute unscheduled breaks two to three times a day, and requires an assistive device while engaging in occasional standing/walking due to imbalance and pain (*Id.*). Dr. Goggin opined the claimant can ever carry even less than 10 pounds, and can never twist, stoop, crouch/squat, or climb (*Id.*). He noted limited reaching, handling, and fingering, consisting of only 1–2% of the day with both upper extremities (*Id.*). Dr. Goggin opined the claimant would be off task 25% or more of the time, is incapable of even low stress work, experiences good and bad days, and will be absent more than 4 days per month (*Id.*). In support of his opinion, Dr. Goggin noted low back pain, right hip pain, other chronic pain, diabetes mellitus with polyneuropathy, and depression, with uncontrolled blood sugar levels and use of a cane the majority of the time (*Id.*).

(R. 30.) Although recognizing that "Dr. Goggin has an extensive treating relationship with the claimant," the ALJ determined that "[Dr. Goggin's] opinion does not warrant controlling or even great weight." (*Id.*) The ALJ based this conclusion on the inconsistency of Dr. Goggin's opinion with Dr. Goggin's own treatment notes:

> First, the extremely limited opinion is inconsistent with Dr. Goggin's own treatment notes, which contain evidence of right hip and low back pain, decreased lumbar range of motion, lumbar paraspinal muscle spasm, right hip weakness, positive straight leg raising on the right, occasionally decreased right upper extremity strength due to pain, a limping gait favoring the right side, occasionally abnormal monofilament sensation, and occasional depression related symptoms, but a normal, pain-free left hip, with full strength, negative straight leg raising on the left, consistently independent ambulation, otherwise generally normal sensation, and otherwise generally normal mental status (Exhibit 41F:1–3, 21F; 26F; 29F; 32F; 38F). In fact, given these inconsistencies, it is likely that Dr. Goggin's opinion was based primarily upon the claimant's subjective reports, rather than [his] own objective findings.

7

(*Id.* at 30.) The ALJ also found Dr. Goggin's opinion to be inconsistent with the rest of the record evidence:

> In addition, the opinion is contradicted by the remaining medical evidence of record, which confirms chronic lumbar radiculopathy and chronic right hip pain, with decreased range of motion and a consistently abnormal gait, but full upper extremity strength, normal coordination and reflexes, and consistently independent ambulation (Exhibit 4F, 5F, 6F, 7F, 9F, 11F, 13F,14F, 17F, 19F, 21F, 23F, 25F, 26F, 27F, 29F, 31F, 32F, 34F, 38F, 39F).

As a result of these inconsistencies, the ALJ gave Dr. Goggin's opinion "no weight." (*Id.* at 30.)

Plaintiff contends, and the undersigned agrees, that the ALJ's explanation for discounting Dr. Goggin's opinion is unclear. Although he purportedly rejected Dr. Goggin's opinion due to its inconsistency with Dr. Goggin's own treatment notes and the remaining medical evidence in the record, the record evidence highlighted by the ALJ actually appears to be largely consistent with Dr. Goggin's opinion. In particular, Dr. Goggin's recommended limitations on sitting, standing, and walking appear consistent with Dr. Goggin's treatment notes, which, as noted by the ALJ, confirm right hip and low back pain, decreased lumbar range of motion, lumbar paraspinal muscle spasm, right hip weakness, positive straight leg raising on the right, and a limping gait favoring the right side. (*Id.* at 30.) Further, as the ALJ notes, the remaining medical evidence confirms chronic lumbar radiculopathy and chronic right hip pain, with decreased range of motion and a consistently abnormal gait, which do not appear to be inconsistent with Dr. Goggin's recommendations. (*Id.*) And the fact that Plaintiff's left hip is fully-functional and pain free is not inconsistent with sitting, standing, and walking restrictions in light of the ample evidence of pain, weakness, and range-of-motion limitations in Plaintiff's right hip. That is, many of the inconsistencies relied on by the ALJ do not appear to be inconsistencies at all.

As a result, the undersigned finds that the ALJ failed to give good reasons for not giving controlling weight to the opinion of Plaintiff's treating physician. The Sixth Circuit Court of

Appeals has stated, "[w]e do not hesitate to remand when the Commissioner has not provided 'good reasons' for the weight given to a treating physician's opinion and we will continue remanding when we encounter opinions from ALJ's that do not comprehensively set forth the reasons for the weight assigned to a treating physician's opinion." *Hensley v. Astrue*, 573 F.3d 263, 267 (6th Cir. 2009) (quoting *Wilson*, 378 F.3d at 548). The undersigned concludes that remand is warranted on this basis.[2]

This finding obviates the need to analyze and resolve Plaintiff's remaining contentions of error. Nevertheless, on remand, the ALJ may consider Plaintiff's remaining assignments of error if appropriate.

## V. DISPOSITION

Due to the error outlined above, Plaintiff is entitled to an order remanding this case to the Social Security Administration pursuant to Sentence Four of 42 U.S.C. § 405(g). The undersigned therefore **RECOMMENDS** that the Court **REVERSE** the Commissioner of Social Security's non-disability finding and **REMAND** this case to the Commissioner and the ALJ under Sentence Four of § 405(g) for further consideration consistent with this Report and Recommendation.

## VI. PROCEDURE ON OBJECTIONS

If any party objects to this Report and Recommendation, that party may, within fourteen (14) days of the date of this Report, file and serve on all parties written objections to those specific proposed findings or recommendations to which objection is made, together with supporting

---

[2] It may be that some of Dr. Goggin's recommendations are inconsistent with the record (e.g., his opinion that Plaintiff must use a cane whenever standing or walking, given that Dr. Goggin's treatment notes and other medical evidence report that Plaintiff was consistently able to ambulate independently). However, this does not account for the ALJ's wholesale assignment of "no weight" to Dr. Goggin's entire opinion.

authority for the objection(s).  A Judge of this Court shall make a *de novo* determination of those portions of the Report or specified proposed findings or recommendations to which objection is made.  Upon proper objections, a Judge of this Court may accept, reject, or modify, in whole or in part, the findings or recommendations made herein, may receive further evidence or may recommit this matter to the Magistrate Judge with instructions.  28 U.S.C. § 636(b)(1).

The parties are specifically advised that failure to object to the Report and Recommendation will result in a waiver of the right to have the District Judge review the Report and Recommendation *de novo*, and also operates as a waiver of the right to appeal the decision of the District Court adopting the Report and Recommendation.  *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981).

/s/ *Chelsey M. Vascura*
CHELSEY M. VASCURA
UNITED STATES MAGISTRATE JUDGE